### T. J. McDUFFIE v. SEABOARD AIR LINE RAILWAY.

(Filed 6 November, 1907).

**Railroads—Penalty—Failure to Furnish Cars—North Carolina Corporation Commission Rules.**

    The defendant railway company is not liable for the penalty for failure to furnish cars to those who apply in writing or make the deposit under Rule 9 of the North Carolina Corporation Commission, when the company is not allowed the four days therein specified within which to furnish them, notwithstanding the railway company did not furnish them for twenty-three days.

ACTION to recover penalty for failure to furnish cars as provided by Rule 9 of the Corporation Commission, tried before *Webb, J.,* and a jury, at August Term, 1907, of the Superior Court of CHATHAM County.

The Court submitted these issues:

"Did the plaintiff apply in writing for the car, as alleged?" Answer: "Yes."

"Did the defendant fail to furnish the car, as alleged?" Answer: "Yes; twenty-three days."

"What amount is plaintiff entitled to recover?" Answer: "Twenty-three dollars, including Sundays."

From the judgment rendered the defendant appealed.

*Day, Bell & Allen* and *Womack, Hayes & Bynum* for defendant.

Plaintiff not represented in this Court.

Brown, J. The provision made by the Corporation Commission to compel carriers of freight to furnish cars within four days, as embodied in Rule 9 of the Commission, has been superseded by the act of Assembly of 1907, ch. 217, sec. 3, which went into effect 1 July, 1907, after plaintiff's alleged cause of action accrued.

The learned counsel for the defendant contends, in an argument of much force: (1) That the regulation is unreasonable, in that it fixes an arbitrary time within which the cars are to be furnished, allows no excuse or exception, and fixes no limit to the penalties that may be incurred. (2) That the Commission had no power to make it. (3) That the shipper himself did not comply with it.

It is true, as contended, that the Supreme Court of the United States did hold a statute of Texas unconstitutional and void which required railroad companies to furnish cars within six days in unlimited numbers, within a time arbitrarily fixed by the statute and without regard to the circumstances or facilities of the company. (*Houston and Texas Railroad v. Mayes,* 201 U. S., 329. In commenting upon the unreasonableness of the statute the Court says: "It makes no exception in cases of a sudden congestion of traffic, an actual inability to furnish cars by reason of their temporary and unavoidable detention in other States or in other places within the same State. It makes no allowance for interference of traffic occasioned by wrecks or other accidents upon the same or other roads, involving a detention of traffic, the breaking of bridges, accidental fires, washouts or other unavoidable

consequences of heavy weather." In that case the Court held it to be an unreasonable regulation of interstate commerce. In this case the car was not to be used in such commerce, but wholly within the State, viz., for transporting logs from Colon, N. C., to Raleigh, N. C.

Whether we will follow the persuasive force of that authority in passing upon a matter of intrastate commerce, we need not and do not now determine. Nor need we pass upon the power of the Commission to make such a rule, as we are with the defendant upon its third proposition.

In this case it appears that the plaintiff applied in writing, on 3 January, for a car to be furnished "by 5 January, 1907." (The rule allows the carrier four days in which to furnish cars to those who apply in writing and make the deposit. This application required the car to be furnished within two days. The defendant was not, therefore, required to fill it, and incurred no penalty for its failure to do so.

The plaintiff is not entitled to recover, and the defendant's motion should have been granted. Let the action be dismissed.

Reversed.